UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03306-DOC-SK Date: February 4, 2026
Title Feng Chen v. David Marin, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| None present | None present |

**Proceedings: (IN CHAMBERS) ORDER (1) CONDITIONALLY GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF 2]; (2) DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF 15]; AND (3) REQUIRING RESPONDENTS TO SHOW CAUSE WHY THE HABEAS PETITION SHOULD NOT BE GRANTED**

Petitioner Feng Chen is a native and citizen of China who was taken into ICE custody in February 2025 after serving a state sentence for first degree murder. In March 2025, petitioner was ordered removed to China and waived appeal of that final removal order. More than 10 months later, petitioner remains detained under 8 U.S.C. § 1231(a). As a result, he seeks federal habeas relief under 28 U.S.C. § 2241, arguing that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Opposing the petition, respondents only vaguely claim that "the government is in the process of obtaining a travel document from China" and "believe[s] one will be issued in the reasonably foreseeable future." (ECF 11 at 4). But in a responsive document he self-styled as an "ex parte application for temporary restraining order," petitioner explains that a December 15, 2025 flight to China he expected to board was canceled with no explanation and that since then he has received no information whether "he is awaiting another flight or if he is just being detained indefinitely once again." (ECF 15 at 6). He includes in his document a series of communications corroborating his claim that there appears no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* at 6–8). Meanwhile, petitioner has also asked for appointment of counsel to help him litigate his indefinite-detention habeas claim. (ECF 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03306-DOC-SK Date: February 4, 2026
Title Feng Chen v. David Marin, et al.

At the outset, petitioner's motion for appointment of counsel (ECF 2) is CONDITIONALLY GRANTED. If respondents are unable to show in response to the show-cause order described below exactly when petitioner will be removed to China, the court will ask the Federal Public Defender in Los Angeles, California to assign a Deputy Federal Public Defender to represent petitioner in this case. To that end, a copy of this order shall be provided to the Federal Public Defender's Office as notice of this conditional relief and the potential need for appointment of counsel.

At the same time, petitioner's so-called "ex parte application for temporary restraining order" (ECF 15) is DENIED WITHOUT PREJUDICE. The "label attached" to a filing "does not control its substance." *United States v. State of Or.*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985). So if the purpose of petitioner's filing is to secure immediate release, it is duplicative of the ultimate relief sought in his § 2241 petition. In that posture, "judgment on the merits in the guise of preliminary relief is a highly inappropriate result." *Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992); *see Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, (1981) (It is "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits."); *Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief because "relief Plaintiffs are seeking in their motion for a TRO is not 'temporary' or 'preliminary' but rather it is the same ultimate relief they seek in their first amended complaint"). On the other hand, if this document is intended to serve as petitioner's substantive reply to respondents' answer, the court has construed it as such and constructed the show-cause order below based on the content of that reply.

And last, respondents are ORDERED TO SHOW CAUSE why the § 2241 petition should not be granted. Because petitioner has established that there appears no "definitive answer" as to whether or when he will secure "travel papers" and a flight to China, *Nasr v. Larocca*, 2016 WL 3710200, at *3 (C.D. Cal. June 1, 2016), he has provided prima facie reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Respondents must therefore respond with evidence sufficient to rebut that showing. *See id*. If respondents fail to rebut petitioner's showing, he is entitled to habeas relief. *See, e.g.*, *Tran v. Noem*, 2025 WL 3268491, at *3 (E.D. Cal. Nov. 24, 2025); *Zhao v. Kelly*, 2017 WL 1591818, at *2 (C.D. Cal. Apr. 27, 2017); *Chun Yat Ma v. Asher*, 2012 WL 1432229, at *5 (W.D.

Wash. Apr. 25, 2012); *Nma v. Ridge*, 286 F. Supp. 2d 469, 475 (E.D. Pa. 2003); *Kacanic v. Elwood*, 2002 WL 31520362, at *3 (E.D. Pa. Nov. 8, 2002). Respondents' showing thus far has been factually vague and legally inadequate.

Respondents may discharge this order with an official declaration from an ICE official including authenticated evidence of either a date certain by which petitioner will receive his travel papers and board a scheduled flight to China or a confirmed date of petitioner's removal to China. Upon satisfactory response, the court may vacate its conditional order appointing counsel for petitioner and close this action as moot. Otherwise, if the response is unsatisfactory, the court will issue an order appointing counsel, requiring expedited briefing, and setting an evidentiary hearing. Respondents' written response to the show-cause order is due within 14 days of this order.

IT IS SO ORDERED.

cc: FPD [ATTN: Jonathan_Aminoff@fd.org]