UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03306-DOC-SK Date: February 24, 2026
Title Feng Chen v. David Marin, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| None present | None present |

**Proceedings:** **(IN CHAMBERS) ORDER (1) GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF 2]; (2) SETTING EXPEDITED BRIEFING SCHEDULE; AND (3) SCHEDULING EVIDENTIARY HEARING.**

Petitioner Feng Chen is a native and citizen of China who was taken into ICE custody in February 2025 after serving a state sentence for first degree murder. In March 2025, Petitioner was ordered removed to China and waived appeal of that final removal order. More than 10 months later, Petitioner remains detained under 8 U.S.C. § 1231(a). As a result, he seeks federal habeas relief under 28 U.S.C. § 2241, arguing that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

On February 4, 2026, the Court ordered Respondents to show cause as to why the § 2241 petition should not be granted. (ECF 16). In that order, the Court informed Respondents that Petitioner had provided prima facie evidence establishing no significant likelihood of his removal to China in the reasonably foreseeable future. (*Id.* at 2). Moreover, Respondents were informed that their current evidence rebutting Petitioner's prima facie showing was "factually vague and legally inadequate." (*Id.* at 3). The Court went so far as to identify for Respondents the precise rebuttal evidence required: "Respondents may discharge this order with an official declaration from an ICE official including authenticated evidence of either a date certain by which petitioner will receive his travel papers and board a scheduled flight to China or a confirmed date of petitioner's removal to China." (*Id.* at 3). The Court gave Respondents a two-week window to show cause, but Respondents provided *no response* to the court by the February 18, 2026 show-cause deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03306-DOC-SK Date: February 24, 2026

Title Feng Chen v. David Marin, et al.

Given Respondents' complete lack of response, the court orders the following. First, Petitioner's motion for appointment of counsel (ECF 2) is GRANTED. The Federal Public Defender, Central District of California is hereby appointed to represent Petitioner. The assigned Deputy Federal Public Defender should file a notice of appearance within 3 days of this order. Second, the Court now requires expedited briefing on Petitioner's indefinite detention claim. Respondents' brief is due no later than March 2, 2026, and Petitioner's response is due no later than March 9, 2026. Third, the Court sets an evidentiary hearing on Petitioner's indefinite detention claim for March 11, 2026 at 1:00 PM in Courtroom 540. Respondents shall produce all evidence it intends to present at that hearing by no later than March 2, 2026, and identify for Petitioner's counsel which witnesses they intend to produce at the hearing for live testimony. In lieu of briefing and an evidentiary hearing, the parties may lodge a stipulation and proposed judgment granting the petition under 28 U.S.C. § 2241 as unopposed by no later than March 2, 2026.

IT IS SO ORDERED.

cc: FPD [ATTN: Jonathan_Aminoff@fd.org]